## Craven's Estate

292

*Frysinger Evans,* for exceptants.

*R. M. Remick,* of *Saul, Ewing, Remick & Saul,* contra.

SINKLER, J., December 27, 1935.—The clause in the will conferring upon the trustees power to "invest the personal estate either in bonds secured by mortgages or loans of the United States of America, State of Pennsylvania, or City of Philadelphia" is correctly construed by the auditing judge as the testator's definition of "legal investments" under the Constitution of this State and the acts of assembly upon this subject. He has likewise properly applied the principles of law set forth in the cases cited by him in his conclusion that the investments which are the subject of the exceptions before us are legal investments, and that the trustee should not, therefore, be surcharged for having invested funds of the trust estate in the participation certificates and bonds shown by the account.

It is also charged that the trustee has failed to exercise the required care and diligence in selecting these investments. The auditing judge has cited a number of cases concerning the duty imposed upon trustees in this respect, and has held as a fact that the evidence does

not establish lack of care and diligence in the selection of the investments. To the cases cited by him we add Taylor's Estate, 277 Pa. 518, one of the leading cases upon this subject.

The decision of this court in Curran's Estate, 17 D. & C. 435, affirmed by the Supreme Court, 312 Pa. 416, is particularly applicable to the present case in respect of the investment in bonds secured upon premises occupied by the Erlanger Theater. In that case bonds secured upon the premises occupied by the Forrest Theater were issued in like manner as those of the Erlanger Theater, and were held by us to be a legal investment for trust funds.

The finding of the auditing judge that the estate had not suffered any actual loss by reason of the investments in question, or that such loss must necessarily occur is sustained by the evidence.

The charges preferred by the exceptants that the trustee was guilty of fraud in connection with the issuance of the bonds of the Erlanger Theater cannot be lightly disposed of. A charge of fraud or other malfeasance in office on the part of a trustee is a serious one. Examination of the record does not show the existence of fraud, and we affirm the finding of the auditing judge that none existed.

The auditing judge correctly held that the trustee should not be surcharged because of the investment in a certificate of participation which is subject to redemption either in whole or in part at any time by lot; and because one of the certificates, not owned by the trustee, was redeemed.

The auditing judge committed no error in ordering distribution in kind by means of a schedule of distribution.

The exceptions are dismissed and the adjudication is confirmed absolutely.